**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| Lenford Williams, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No.: 4:05-00779-CWH |
| | ) | |
| vs. | ) | |
| | ) | |
| United States of America, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

On March 11, 2005, the petitioner commenced this *pro se* action to vacate, set aside, or correct his guilty plea and sentence pursuant to 28 U.S.C. § 2255. On April 19, 2005, the government moved for summary judgment. On April 21, 2005, the Court advised the petitioner of his responsibilities in responding to the government's motion for summary judgment, pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975), and permitted him 30 days in which to do so. On May 25, 2005, the petitioner filed an opposition to the government's motion for summary judgment.

## I.  PETITIONER'S ALLEGATIONS AND PROCEDURAL HISTORY

On April 23, 2003, a federal grand jury indicted the petitioner and twenty-nine other parties. The federal grand jury charged the petitioner with three counts of a twelve count indictment. Count 1 charged the petitioner with conspiracy to distribute and possess with intent to distribute 50 grams or more of crack cocaine and 5 kilograms or more of cocaine from January 1, 1986 to April 23, 2003 in violation of 21 U.S.C. §§ 841(a)(1), 841(a)(1)(A), and 846. Count 2 charged the petitioner with possession of crack cocaine on October 6, 1999, with intent to distribute and distribution of 5 grams or more of crack cocaine, in violation of 21 U.S.C. §§

841(a)(1) and 841(b)(1)(B).  Count 11 charged the petitioner with being a felon in possession of a Bersa .380 caliber pistol on November 28, 2000, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a).

On December 29, 2003, the petitioner pled guilty to Count 1 of the indictment.  The remaining two counts were dismissed upon the government's motion.  On March 10, 2004, the Court granted the government's motion for a downward departure for the defendant's substantial assistance and sentenced the petitioner to 168 months in prison, followed by five years of supervised release.  The petitioner did not file an appeal.  On March 11, 2005, the petitioner timely filed this petition pursuant to Title 28, United States Code, Section 2255.

Title 28, United States Code, Section 2255 is designed to correct fundamental constitutional or jurisdictional errors which would otherwise result in a "complete miscarriage of justice," or events that are "inconsistent with the rudimentary demands of fair procedure." United States v. Timmreck, 441 U.S. 780, 784 (1979).  In order to move the Court to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255, a petitioner must prove that one of the following occurred: (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255 (2000).

Because a habeas petition is a civil action, the burden of proof is upon the petitioner to establish the allegations of his motion by a preponderance of the evidence.  Jacobs v. United States, 350 F.2d 571, 574 (4th Cir. 1965).  A hearing must be granted unless the movant's allegations, when viewed against the record, do not state a claim for relief, United States v.

Yearwood, 863 F.2d 6, 7 (4th Cir. 1988), or are so "palpably incredible" or "patently frivolous or false as to warrant summary dismissal." Blackledge v. Allison, 431 U.S. 63, 76 (1977). Nevertheless, because the petitioner has filed his motion *pro se*, the Court liberally construes his petition and asserted issues. *See* Haines v. Kerner, 404 U.S. 519 520 (1972).

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

The petitioner alleges that his trial counsel was ineffective because: (1) trial counsel did not fully advise the petitioner of the sentence he faced; (2) counsel did not object when the government failed to prove the petitioner's prior convictions beyond a reasonable doubt for enhancement purposes; (3) counsel did not object to the Court's failure to conduct a colloquy, as required by 21 U.S.C. § 851(b), before subjecting the petitioner to an enhanced sentence; and (4) counsel did not object when the petitioner was erroneously assessed 3 criminal history points. Furthermore, the petitioner alleges that he is actually innocent of all judicially found facts.

To prove that counsel's assistance at trial was so defective as to require reversal of his conviction, a petitioner must meet a two-prong standard, showing that counsel's defective performance resulted in prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). First, under the performance prong, the petitioner must show that "counsel's representation fell below an objective standard of reasonableness," considering circumstances as they existed at the time of the representation. Id. at 687-88. The petitioner must overcome a strong presumption that counsel's strategy and tactics fall "within the range of competence demanded from attorneys defending criminal cases." Id. at 689; United States v. Roane, 378 F.3d 382, 404 (4th Cir. 2004). Second, under the prejudice prong, the petitioner must demonstrate "a reasonable probability" that but for counsel's errors, the results would have been different. Strickland, 466 U.S. at 694-

95.  If it is clear that the petitioner has not satisfied one prong of the Strickland test, the Court need not inquire whether he has satisfied the other prong.  Id. at 697.   Furthermore, the first inquiry –whether counsel's performance was deficient– may be bypassed if the claim is more easily disposed of on the ground of lack of prejudice.  Id.

### A.  Failure to Advise the Petitioner of His Sentence

The petitioner states that counsel did not "fully advise him" or inform him of the statutory sentence that he faced.  In support of his § 2255 petition, the petitioner submitted an affidavit which stated that counsel specifically informed him that if he pled guilty, his sentence would be ten years to life.  The petitioner's 168 month sentence falls within the ten years to life range of which he claims he was advised.  Therefore, the petitioner has not shown prejudice and is not entitled to relief on this claim.

In addition, counsel disputes the petitioner's claim in his sworn affidavit.  In the affidavit, counsel states that he did not force the petitioner to enter a guilty plea, and he fully informed the petitioner that he was facing a sentence of twenty years to life.  Counsel's affidavit is sufficient to show that he advised the petitioner of the statutory sentence that he faced, and the record supports counsel's position that the petitioner was fully advised as to his sentence when he entered a plea in this case.  Therefore, the petitioner's claim is without merit.

### B.  Failure to Object to the Petitioner's Prior Convictions

The petitioner alleges that counsel was ineffective because he did not object to the government's failure to prove the petitioner's prior convictions beyond a reasonable doubt for enhancement purposes, pursuant to 21 U.S.C. § 851.  Section 851(a) reads in pertinent part:

> No person who stands convicted of an offense under this part shall
> be sentenced to increased punishment by reason of one or more

> prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

Based on the petitioner's prior criminal record, he received a criminal history score of V. Because he was on probation during the commission of the instant offense, two more points were added, resulting in a total criminal history score of 7 points, which gave him a criminal history category of IV. Because the government had filed an information pursuant to 21 U.S.C.§ 851, the petitioner's statutory penalty was raised from a mandatory minimum of 10 years to life up to a mandatory minimum of 20 years to life. However, based on the petitioner's criminal history category of IV and a total offense level of 37, his guideline sentencing range was 292 - 365. The petitioner's guideline sentencing range, 292 - 365 months, far exceeded the 240 months statutory penalty imposed by the 21 U.S.C. § 851 information. Therefore, the filing of the 21 U.S.C. § 851 enhancement had no effect on the guideline range used to sentence the petitioner in this case. The petitioner has not shown prejudice and is not entitled to relief on this claim.

The petitioner appears to argue that the amount of crack cocaine that he was charged with distributing violated <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). This argument is without merit. First, the petitioner pled guilty to an amount of crack cocaine on which his offense level was based. Second, the petitioner's sentence was not enhanced beyond the statutory maximum. In <u>Apprendi</u>, the United States Supreme Court specifically excluded the fact of a prior conviction from the elements of an offense that must be submitted to a jury and proven beyond a reasonable doubt before those facts may be used to enhance a defendant's sentence above the statutory maximum. <u>Id.</u> at 490. The Court in <u>Apprendi</u> stated that, "[o]ther than the fact of a prior

conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id.

In contrast, "a fact increasing the mandatory minimum (but not extending the sentence beyond the statutory maximum)" does not implicate Apprendi concerns. Harris v. United States, 536 U.S. 545, 557 (2002) (plurality opinion) (distinguishing Apprendi and upholding rule in McMillan v. Pennsylvania, 477 U.S. 79 (1986) (majority opinion) (holding that, following McMillan, a judge may make a determination beyond facts alleged in indictment or submitted to jury, which raises minimum sentence). The Fourth Circuit emphasized this distinction in United States v. Promise:

> We do not hold that all facts that could serve to increase a defendant's sentence must be found by the jury beyond a reasonable doubt. Instead, we merely hold that the maximum penalty that may be imposed upon a defendant is the maximum penalty allowed by statute upon proof of only those facts alleged in the indictment and found by the jury beyond a reasonable doubt. Once this maximum penalty is established, a fact (sentencing factor) that may increase the actual sentence imposed within that maximum is not subject to the same requirements.

255 F.3d 150, 157 n. 5 (4th Cir. 2001) (*en banc*). Apprendi is not applicable in this case because although the mandatory minimum was increased from 10 years to life up to a mandatory minimum of 20 years to life, the sentence was not extended beyond the statutory maximum. Moreover, the law does not require the fact of the petitioner's prior convictions be proven beyond a reasonable doubt for purposes of applying the enhancement, and the failure of counsel to make a meritless objection does not constitute ineffective assistance of counsel.

### C. Failure to Object to the Court's Alleged Deviation from the Procedural Requirements of 21 U.S.C. 851(b)

The petitioner claims that his counsel provided ineffective assistance by not objecting to

the Court's failure to conduct a colloquy, as required by 21 U.S.C. § 851(b), before subjecting the petitioner to an enhanced sentence. The record reflects a colloquy between the Court and the petitioner about the consequences of pleading guilty to the charges and the sentence he was facing. The petitioner admitted his guilt and informed the Court that he understood the penalties.

"[A] defendant's solemn declarations in open court affirming [a plea] agreement . . . 'carry a strong presumption of verity . . . .'" United States v. White, 366 F.3d 291, 296 (4th Cir. 2004) (*quoting* Blackledge v. Allison, 431 U.S. 63, 76 (1977). This presumption exists "because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 colloquy." United States v. Bowman, 348 F.3d 408, 417 (4th Cir. 2003). In the absence of extraordinary circumstances, "the truth of sworn statements made during a Rule 11 colloquy in open court is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict sworn statements." United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005). "Otherwise, a primary virtue of Rule 11 colloquies would be eliminated-'permit[ting] quick disposition of baseless collateral attacks.'" Id. (*citing* Blackledge, 431 U.S. at 79 n. 19).

The Court conducted a colloquy. Therefore, counsel did not provide ineffective assistance by failing to object, and the petitioner's claim is without merit.

### D. Failure to Object when Petitioner was Erroneously Assessed 3 Criminal History Points

The petitioner claims that his counsel was ineffective because he did not object when the petitioner was assessed 3 criminal history points. The petitioner alleges that the Court erroneously assessed 3 criminal history points for conduct which was part of the instant offense

and that was already calculated into his base offense level.  Paragraph 62 of the presentence report indicates that on December 20, 2001, the petitioner sold cocaine to Patrick Gerald.  On February 27, 2003, the petitioner was convicted of selling that cocaine and received three criminal history points for that conviction.

The petitioner argues that he should not have received this three point enhancement because the conduct was part of the instant offense.  In the initial objections to the presentence report, counsel objected to the three point enhancement because at that time he alleged that it was part of the same conspiracy for which he had entered a plea of guilty.  After consultation, the petitioner and counsel elected to withdraw these objections rather than run the risk of not receiving a downward departure motion.  The petitioner's sentence was reduced from a mandatory minimum of 292 months under the guidelines down to a sentence of 168 months.  The petitioner was not prejudiced and received effective assistance of counsel in this regard.  Therefore, this claim is without merit.

### E. Failure to Object to the § 2D1.1(b) Enhancement

The petitioner alleges that the Court erred by imposing a sentencing enhancement for possessing a firearm and that his counsel was ineffective for failing to object to that enhancement.  U.S.S.G. § 2D1.1(b).  The petitioner alleges that the firearm was not connected to the offense.  However, the presentence report reflects that when the petitioner was arrested, he was in possession of the firearm and marijuana during the term of the conspiracy to which he entered a guilty plea.  Guideline application note 3, U.S.S.G. § 2D1.1(b)(1), states that the two-point enhancement of a firearm should be applied unless it is clearly improbable that the weapon was connected with the offense.  The two-point enhancement was applicable to the petitioner in

this case because he was arrested during the term of the conspiracy, in a vehicle, with a loaded handgun and illegal drugs. Therefore, the Court did not err by imposing a U.S.S.G. § 2D1.1(b) enhancement.

Moreover, counsel was not ineffective for failing to object to the two point enhancement the petitioner received for possessing a firearm. Although, the petitioner and his counsel initially objected to the firearm enhancement, during the course of the representation, counsel consulted with his client and made a decision to withdraw these objections rather than run the risk of not receiving a downward departure. The petitioner received a downward departure to 168 months, which was a favorable result for the petitioner, and he has failed to prove that he was prejudiced. Because of these facts, counsel was not ineffective for failing to bring what would have been a frivolous objection in this case. Therefore, the petitioner's claim is without merit.

### F.  Petitioner Alleges that He is Actually Innocent of All Charges

The petitioner claims that he is actually innocent of all judicially found facts. Relief on the basis of actual innocense is available upon a showing that constitutional error probably resulted in the conviction of one who is actually innocent. Murray v. Carrier, 477 U.S. 478, 496 (1986). To establish actual innocence, the petitioner must demonstrate that, "in the light of all evidence, . . . it is more likely than not that no reasonable juror would have convicted him." Schlup v. Delo, 513 U.S. 298, 327-28 (1995) (*quoting* Friendly, *Is Innocence Irrelevant? Collateral Attack on Criminal Judgments*, 38 U. CHI. L. REV. 142, 160 (1970)). "It is important to note . . . that 'actual innocence' means factual innocence, not mere legal insufficiency." Sawyer v. Whitley, 505 U.S. 333, 339 (1992). The Court may consider any admissible evidence of the petitioner's guilt, even if that evidence was not presented at trial. "In cases where the

Government has foregone more serious charges in the course of plea bargaining, the petitioner's showing of actual innocence must also extend to those charges." <u>Bousley v. United States</u>, 523 U.S. 614, 624 (1998). The petitioner fails to show that he is innocent or that, in the light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. The petitioner sets forth no evidence to support his allegations. Therefore, the petitioner's claim of actual innocence is without merit.

The Court grants the government's motion for summary judgment and denies the petitioner's petition to vacate his sentence under 28 U.S.C. § 2255.

**AND IT IS SO ORDERED.**

*C. Weston Houck*
_____
C. Weston Houck
United States District Judge

November 21, 2007
Charleston, South Carolina